UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN LOCKETT                                    CIVIL ACTION

VERSUS                                          NUMBER: 06-0507

MIMI SCHULTZ, ET AL.                            SECTION: "B"(5)


                    **REPORT AND RECOMMENDATION**


     This 42 U.S.C. §1983 proceeding was filed in forma pauperis by plaintiff, John Lockett, against defendants, Mimi Schultz, Head Nurse of the Jefferson Parish Community Correctional Center ("JPCCC"), and the Jefferson Parish Community Correctional Center Medical Program, L.L.C. ("JPCCCMP"). (Rec. doc. 8). Plaintiff, who was at all material times an inmate of JPCCC, complained of the adequacy of the medical care that he received at that penal facility. (Id.). Plaintiff initially filed this suit pro se but counsel subsequently enrolled to represent him herein. (Rec. docs. 8, 6, 7).

     In accordance with Local Rule 16.2E, after over four months

had passed and a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been made on the named defendants, the Court ordered plaintiff to show cause, on August 2, 2006 at 11:00 a.m., as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 10).  On July 25, 2006, plaintiff's counsel requested that summons be re-issued as to one of the defendants, Mimi Schultz.  (Rec. docs. 11, 12).  The day before the scheduled call docket, plaintiff's counsel filed an ex parte motion to continue same, explaining that he was unavailable on August 2, 2006, that efforts to locate and serve Schultz were ongoing, and asking that the matter be passed for thirty days.  (Rec. doc. 13). The Court granted plaintiff's motion to continue on August 9, 2006 and rescheduled the call docket for September 6, 2006 at 11:00 a.m. (Rec. doc. 14).

    Plaintiff's counsel appeared before the Court on the latter date and time and requested and was granted one final extension of thirty days within which to properly serve the named defendants and to file proof thereof in the record, absent which a Report and Recommendation would be issued recommending that plaintiff's suit be dismissed for failure to prosecute. (Rec. doc. 15).  Plaintiff's counsel subsequently requested the re-issuance of summons as to defendant Schultz and on October 11, 2006, he filed a return in the

record indicating that domiciliary service on Schultz had been effected earlier that day.  (Rec. docs. 16, 17).  As to the other named defendant, JPCCCMP, a review of the record does not reveal that any attempts were made by plaintiff to serve that entity.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

Although this case has been pending for approximately seven months, proof of proper service on one of the named defendants, JPCCCMP, has not been filed in the record despite two extensions of time having been given plaintiff to accomplish that task.  As

plaintiff is represented by counsel, this service failure cannot be attributed directly to plaintiff himself.  Accordingly, it will be recommended that plaintiff's claims against defendant, JPCCCMP, be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's claims against defendant, the Jefferson Parish Community Correctional Center Medical Program, L.L.C., be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 19th day of October, 2006.

                                                UNITED STATES MAGISTRATE JUDGE